**HARUE SAKAMOTO v. DULLES,**
**Secretary of State.**

**Civ. 1116.**

United States District Court
D. Hawaii.

March 26, 1953.

McLAUGHLIN, Chief Judge.

Plaintiff's complaint alleges that a Certificate of Loss of Nationality of the United States issued against her on the ground that she participated in elections in Japan immediately after the termination of hostilities in 1945. Alleging that she voted under circumstances making the voting not a free and voluntary act on her part, plaintiff seeks a declaratory judgment and decree adjudging her to be a citizen of the United

States. Defendant's response is a general denial.

Plaintiff moves under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for a summary judgment in her favor on the ground that Section 801(e) of Title 8, United States Code Annotated, is unconstitutional. Reliance is placed on the ruling and decision of this Court in Okimura v. Acheson, 111 F.Supp. 303.

In Okimura v. Acheson, D.C.1951, 99 F.Supp. 587 and Murata v. Acheson, D.C. 1951, 99 F.Supp. 591, this Court held that the plaintiffs were each entitled to the declaration of United States citizenship prayed for because Sections 801(c) and (e) of Title 8 United States Code Annotated, were unconstitutional. However, the Supreme Court vacated the judgments and remanded the cases to this Court for specific findings as to the circumstances attending plaintiffs' service in the Japanese Army and Okimura's voting in the Japanese elections and the reasonable inferences to be drawn therefrom. Acheson v. Kiyokuro Okimura, 1952, 342 U.S. 899, 72 S.Ct. 293, 96 L.Ed. 674, and Acheson v. Hisao Murata, 1952, 342 U.S. 900, 72 S.Ct. 294, 96 L.Ed. 674. Upon remand, this Court found that the plaintiffs' service in the Japanese Army was not a free or voluntary act but that Okimura's voting was not the result of legal duress and ruled that Sections 801(c) and (e) of Title 8 United States Code Annotated, were unconstitutional. This Court further concluded that, being dual citizens and thus citizens of Japan, living in Japan, the plaintiffs were "subject to Japanese law and under compulsion to comply with Japanese law." See the Findings of Facts and Conclusions of Law upon Remand and Judgments in Okimura v. Acheson, D.C., Civil No. 1027, 1952, 111 F.Supp. 303, and Murata v. Acheson, D.C.1952, 111 F.Supp. 306. No appeals were taken from these judgments.

The Supreme Court has long adhered to the principle that it is its duty to avoid a constitutional issue, if possible. Recently, in United States v. Rumely, 73 S.Ct. 543, 547, Justice Frankfurter declared, "Grave constitutional questions are matters properly to be decided by this Court but only when they inescapably come before us for adjudication. Until then it is our duty to abstain from marking the boundaries of congressional power * * *. Only by such self-restraint will we avoid the mischief which has followed occasional departures from the principles which we profess." The Okimura and Murata cases were victims of the Supreme Court's adherence to this time-honored principle.

 There is no stipulation by the parties nor a finding by this Court in this case as to whether plaintiff's act of voting in the Japanese elections was voluntary or involuntary. This Court still adheres to the belief that Section 801(e) of Title 8 United States Code Annotated, is unconstitutional for the reasons stated in the Okimura case. However to grant this motion for summary judgment on the ground of constitutionality without specific findings as to the circumstances attending plaintiff's voting in the Japanese elections is premature and will invite a vacating of the judgment and remanding of the cause by the Supreme Court on appeal. There is no assurance whatsoever that the defendant will not appeal in this case if the motion is granted.

Motion denied.